

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-4-2003

# Lauw v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4225

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Lauw v. Atty Gen USA" (2003). *2003 Decisions*. Paper 145.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/145

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**UNREPORTED - NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-4225
_____

HARIYANTO SETIAWAN LAUW,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES,

Respondent

_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
Agency No. A72-351-732

_____

Submitted Under Third Circuit LAR 34.1(a)
September 4, 2003

Before: SLOVITER, NYGAARD AND ROTH, CIRCUIT JUDGES

(Filed: November 4, 2003)
_____

OPINION
_____

ROTH, Circuit Judge.

Petitioner Hariyanto Setiawan Lauw, an ethnic Chinese and Christian native and

citizen of Indonesia, timely petitions for review of a final order of removal issued against

him by the Board of Immigration Appeals on October 23, 2002. Lauw was admitted to the United States in August 1999 as a non-immigrant visitor and remained without authorization. As such he is removable to Indonesia under section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C § 1227(a)(1)(B). The Board's order affirmed an immigration judge's decision denying Lauw's application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under INA § 242(a)(1), 8 U.S.C. § 1252(a)(1).

We will deny the petition for review. Pursuant to INA § 208(a), 8 U.S.C. § 1158(a) (West 1999), the Attorney General may, in his discretion, grant asylum to individuals who are "refugees" within the meaning of 8 U.S.C. § 1101(a)(42)(A). A "refugee" includes any person who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. Id.; Abdille v. Ashcroft, 242 F.3d 477, 482 (3d Cir. 2001).

To be entitled to withholding of removal to a particular country, an applicant must prove that his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3). To prevail on a claim under the Convention Against Torture an applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2) (2002).

Lauw contends on appeal that he suffered past persecution in Indonesia on the

basis of his Chinese ethnicity, and that the Board erred by failing to properly credit the violence Lauw and other ethnic Chinese suffered during the 1998 riots in Indonesia, the fact that these events are documented in a United States Department of State report, and his claim that the Muslim government of Indonesia's prohibitions against the public practice of Chinese traditions establishes the government's unwillingness to protect him. He testified about several incidents that he or his family witnessed or experienced, including that, during the May 1998 riots, economically disadvantaged Muslim Indonesians attacked the ethnic Chinese community by stoning and burning their businesses and houses. As a result of the attacks, the windows of Lauw's family's home and furniture store were broken and some of the furniture inside of the store was damaged. He also was robbed once by Muslims while he was in college. He also alleged widespread discrimination against ethnic Chinese in Indonesia.

Under Immigration & Naturalization Serv. v. Elias-Zacarias, 502 U.S. 478, 483 (1992), we can reverse the Board's finding that Lauw did not establish a well-founded fear of present or future persecution only if the evidence compels a reversal. We hold that the Board properly concluded that the evidence taken as a whole was insufficient to establish that Lauw's experiences constituted persecution with the meaning of the Immigration and Nationality Act. From May 13 to May 15, 1998, political and economic instability in Indonesia led to wide-scale rioting and attacks on ethnic Chinese, who play a major role in Indonesia's economy. The concept of persecution, however, is defined narrowly. "If persecution were defined ... expansively, a significant percentage of the

world's population would qualify for asylum in this country – and it seems most unlikely that Congress intended such a result." Fatin v. Immigration & Naturalization Serv., 12 F.3d 1233, 1240 (3d Cir. 1993). The property damage experiences shared by Lauw and other ethnic Chinese during the 1998 riots in Indonesia, because they are attributable to economic chaos rather than to systematic persecution, do not by themselves establish a claim of past persecution. Id.

Nothing else in the record, including the mugging incident and the general allegations of discrimination against ethnic Chinese by the Muslim majority in Indonesia, supports a claim of past persecution. Nor is there a factual basis in the record to support Lauw's asserted fear of future persecution. 8 C.F.R. § 208.13(b)(1) (presumption of well-founded fear of future persecution applicable only where applicant makes showing of past persecution). It is clear from the record that since the riots Lauw's family has lived in the same area without incident. Lauw's failure to establish a well-founded fear of persecution for purposes of asylum forecloses relief in the form of withholding of removal. See Immigration & Naturalization Serv. v. Cardoza-Fonseca, 480 U.S. 421, 440-41 (1987). Finally, nothing in the record establishes a factual basis for a grant of relief under the Convention Against Torture.

We will deny the petition for review.

_____

TO THE CLERK:

 Please file the foregoing opinion.

           _/s/ JANE R. ROTH_____
           Circuit Judge